IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES D. WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | NO. 5:15-CV-263-MTT-MSH |
| JACKSON CORRECTION | : | |
| FACILITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER AND RECOMMENDATION**

In accordance with the Court's previous Order, *pro se* Plaintiff James D. Wright, a former state prisoner, has now filed a proper motion for leave to proceed *in forma pauperis* as a non-prisoner. For the following reasons, the undersigned will permit Plaintiff to proceed *in forma pauperis*, and after reviewing Plaintiff's Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915(e), will also permit Plaintiff's excessive force claims against Defendant Farrell to proceed for further factual development. The undersigned **RECOMMENDS,** however, that Plaintiff's claims against the "Jackson Correction Facility" [1] be **DISMISSED.**

  **I.**    **Motions to Proceed** *in forma pauperis*

The undersigned has reviewed Plaintiff's motion to proceed *in forma pauperis* and, based on his submissions, finds that Plaintiff is presently unable to prepay the filing fee or give security therefor. 28 U.S.C. § 1915(a)(1). The undersigned will thus

---

[1] Based on other information in the Complaint, the undersigned has determined that Plaintiff is referring to the Georgia Diagnostic and Classification Prison in Jackson, Georgia.

**GRANT** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 13). Plaintiff's previous motion for leave to proceed *in forma pauperis* as a prisoner (ECF No. 9) is **DENIED as moot.**

## II. Preliminary Screening

### A. Standard of Review

Because Plaintiff is proceeding *in forma pauperis* in this case, the Court will conduct a preliminary screening of Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). When screening a complaint under 28 U.S.C. § 1915(e), the Court must accept all factual allegations in the complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, § 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. <u>Factual Allegations and Analysis</u>

According to Plaintiff's Complaint, on May 25, 2015, Plaintiff was housed at Jackson Correction Facility while he awaited transfer to another jail. (Compl. 5, ECF No. 1.) Plaintiff contends that as he was leaving the chow hall, he "came upon another inmate" who had been sick; Plaintiff stopped to ask this inmate a question. *Id.* Plaintiff states that Defendant Farrell, a corrections officer, "angrily" told Plaintiff to "keep moving." *Id.* After Plaintiff questioned Defendant Farrell's order, Defendant Farrell

3

"struck [Plaintiff] twice in the head with her radio," leaving Plaintiff "stun[n]ed." *Id.* Plaintiff contends Defendant Farrell also stated that every time she entered Plaintiff's dorm, "she was to draw blood." *Id.* Plaintiff contends Defendant Farrell's actions "did not follow the state and federal law and that [his] Eighth Amendment [rights were] violated." *Id.* Plaintiff seeks compensatory damages, attorney fees and court costs, and "such relief as the court may deem just and proper" as a result of the alleged constitutional violations. *Id.* at 6.

Force that is applied to a prisoner "maliciously and sadistically to cause harm" can violate the Eighth Amendment and give rise to claims under § 1983. *See, e.g., Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). It is true that not "every malevolent touch by a prison guard gives rise to a federal cause of action," and Plaintiff has not alleged that he suffered any serious physical injury as the result of Defendant Farrell's actions. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff has, however, alleged facts suggesting that Defendant Farrell applied force "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Id.* at 6-7. After construing Plaintiff's allegations liberally at this early stage of the litigation, the undersigned thus finds Plaintiff's Eighth Amendment claims against Defendant Farrell must proceed for further factual development.

Plaintiff's claims against Defendant Jackson Correction Facility, on the other hand, are due to be dismissed because a state prison is not an entity which may be sued under § 1983. A state prison is considered an arm of the State and is therefore entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

4

(1989); *Carter v. Ga. Dep't of Corr.*, No. 5:09-CV-131 (HL), 2010 WL 1931097, at *1 (M.D. Ga. May 12, 2010); *see also Allen v. Brown*, No. CV 112-052, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) (holding that a jail or prison is not a legal entity subject to liability in a § 1983 claim). It is accordingly **RECOMMENDED** that Defendant Jackson Correction Facility be **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e).

### III. Conclusion

For the foregoing reasons, the undersigned **GRANTS** Plaintiff's motion to proceed *in forma pauperis* as a non-prisoner (ECF No. 13) and finds the excessive force claims against Defendant Farrell should proceed for further factual development. The undersigned **RECOMMENDS,** however, that Plaintiff's claims against Defendant Jackson Correction Facility be **DISMISSED.** Plaintiff's motion to proceed *in forma pauperis* as a prisoner (ECF No. 9) is **DENIED as moot.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendant identified above, it is accordingly **ORDERED** that service be made on Defendant and that she file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action,

8

absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

SO **ORDERED** and **RECOMMENDED**, this 26th day of January, 2016.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE